IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES L. COLE                                                                                  PLAINTIFF

vs.                                                              CIVIL ACTION NO. 2:09CV225-SAA

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff James L. Cole for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff's claim was denied initially (Tr. 49-50, 55-64) and on reconsideration. (Tr. 51-52, 65-70). He was represented by an attorney at the hearing before an Administrative Law Judge (ALJ) held on March 17, 2009. (Tr. 30). The ALJ issued an unfavorable decision on April 29, 2009 (Tr. 9-19), and the Appeals Council denied plaintiff's request for a review. (Tr. 1-5). Plaintiff filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on October 2, 1966. (Tr. 49). He completed the tenth grade and did

not obtain a GED. (Tr. 31). He was 42 years old at the time of the ALJ's decision. (Tr. 31). He was previously employed as a construction laborer, machine operator and assembly or production worker. (Tr. 43). He contends that he became disabled before his application for SSI and DIB as a result of back problems, high blood pressure and diabetes. (Tr. 125).

The ALJ determined that plaintiff suffered from "severe" impairments, including degenerative disk disease; hypertension; cardiovascular disease; post-surgery syndrome; and, diabetes melitus. (Tr. 11). However, the ALJ found that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20C.F.R. 404.1525, 404.1526, 416.925 and 416.926). (Tr. 14). The ALJ determined that plaintiff's degenerative disk disease and post-surgery syndrome failed to meet the severity required in Listing 1.04. (Tr. 14). Likewise, the ALJ determined that plaintiff's hypertension and cardiovascular disease failed to meet or medically equal the listing level severity in Listings 4.02 and 4.04, and his diabetes mellitus failed to meet or medically equal the listing level severity in Listing 9.08. (Tr. 14-15). The ALJ's decision specifically addresses the criteria of Listings 1.04A,1.04B,1.04C, 4.02A, 4.02B, 4.04A, 4.04B, 4.04C, 9.08A, 9.08B and 9.08C.

Based upon the opinion of Dr. Cherilyn Hebert (Tr. 262-269) and the examination by Dr. Jim Adams (Tr. 246-250), and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> "lift/carry a maximum of twenty pounds occasionally and ten pounds frequently; stand/walk six hours of an eight-hour workday (one hour without interruption); and, sit a total of six hours of an eight-hour workday (ninety minutes without interruption). The claimant can occasionally balance and stoop to thirty to forty degrees, but can never crouch, kneel or crawl. He can push/pull a maximum of ten pounds with his upper extremities, but only a maximum of five pounds with his lower extremities. The claimant must avoid exposure to high temperatures and humidity." (Tr. 15).

Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff's impairments could reasonably be expected to cause his alleged symptoms. (Tr. 15). However, he found that the severity of pain and discomfort alleged by plaintiff was not credible to the extent it was inconsistent with the residual functional capacity assessment. (Tr. 15-16).

The ALJ found that the plaintiff's use of medications did not support the severity of his alleged limitations.[1] (Tr. 17). The plaintiff's testimony at the ALJ hearing further contradicts the severity of his alleged symptoms. He testified that he can lift fifteen to twenty pounds; walk/ stand one hour at a time; sit for ninety minutes at a time; and climb three to four steps. (Tr. 36-37).

In considering evidence of plaintiff's activities of daily living, the ALJ considered plaintiff's testimony and concluded that his alleged daily activities, although "fairly limited," could not be verified with any reasonable degree of certainty and were difficult to attribute to the claimed medical conditions given the "weak medical evidence." (Tr. 16). The ALJ ultimately considered plaintiff's testimony regarding his limited daily activities to be outweighed by other factors. (Tr. 16). The ALJ also considered a function report from plaintiff's sister, Sula Dishman, but accorded it limited weight as Ms. Dishman was not a disinterested party. (Tr. 16).

The ALJ further considered the significant gaps in the plaintiff's history of treatment. He underwent lumbar surgery for his back problems in August, 2006, left heart catheterization in

---

[1] The ALJ found that plaintiff does not take any narcotic-based pain-relieving medications for his alleged limiting pain; his list of medications, however included hydrocodone, Docket 7-7, p.87, a fact which the ALJ found in the same paragraph in his decision. *See* Docket 7-3, p. 17. The ALJ's subsequent negative finding may be based on the fact that the medication list is not borne out by the actual record from Tri-Lakes Medical Center, which was provided as the prescribing authority for hydrocodone. *See* Docket 7-8, pp. 210-225.

July 2007 and quadruple coronary artery bypass in August, 2007. (Tr. 229-238). The ALJ acknowledged that these surgeries support a finding that his symptoms were genuine. However, he concluded that the surgeries were successful in relieving the symptoms, and subsequent treatments were routine or conservative. (Tr. 17).

In addition, evidence in the record supported a finding that plaintiff stopped working for reasons not related to his alleged disabling impairments. (Tr. 17). The plaintiff acknowledged that he stopped working after he was laid off in 2006. (Tr. 125).

After evaluating all of the evidence in the record, including testimony by the plaintiff and a vocational expert [VE] at the hearing, the ALJ held that plaintiff could not perform past relevant work. (Tr. 17). However, upon considering plaintiff's age, education, work experience, and residual function capacity, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, and he is not disabled under the Social Security Act. (Tr. 18). The VE testified that the plaintiff would be able to perform unskilled jobs at the light exertional level, such as parking lot attendant or photo copier. (Tr. 44-45). The ALJ found that the plaintiff was capable of making a successful adjustment to such work that exists in significant numbers in the national economy and was therefore "not disabled" under the Medical-Vocational Rule 202.18. (Tr. 18).

Plaintiff now claims that his counsel at the April 29, 2009 hearing before the ALJ was ineffective. Plaintiff's counsel for this appeal alleges that his prior counsel attempted to establish his disability by proving that the plaintiff was performing heavy, not light, work. He claims that the plaintiff was not properly represented because his counsel did not seem to understand the elements of proof, specifically that he must present evidence of an inability to work at all to

4

establish disability. Plaintiff does not specifically recite an error by the ALJ but requests reversal for a new hearing based on his claim of ineffective assistance of counsel.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[3] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[5] 20 C.F.R. §§ 404.1520(b), 416.920 (2003).

[6] 20 C.F.R. §§ 404.1520(b), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

he is capable of performing other work.[8]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

This court is limited on appeal to determining whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Qualls v. Astrue*, 339 Fed. Appx. 461 (5th Cir. 2009), citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has the limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court's

---

[8]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[9]*Muse*, 925 F.2d at 789.

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

The ALJ concluded at step three that despite plaintiff's severe impairments, they did not meet or equal any impairment listed at 20 C.F.R. pt. 404, Subpart P, App. 1 (2008), including Listing 1.04, 4.02, 4.04 and 9.08 impairments. (Tr. 13). Additionally, the ALJ concluded that a variety of jobs existed in the national and local economy that plaintiff could perform even with his impairments. (Tr. 19). Plaintiff's appeal does not include an argument that the ALJ's decision was not supported by substantial evidence. His argument asserts only that he did not receive effective assistance of counsel in preparing and presenting the evidence and should be afforded a new ALJ hearing.

III.  DISCUSSION

The ALJ found at step two that plaintiff's degenerative disk disease, hypertension, cardiovascular disease, post-surgery syndrome, and diabetes melitus were severe impairments; he concluded, however, that plaintiff's allegations regarding the extent and severity of his limitations were not fully credible and were not substantiated by the medical evidence. (Tr. 11-19).

At step three of the sequential evaluation process, a claimant must prove by objective medical evidence that his impairment, either singly or in combination with other impairments, meets the stringent requirements set out in the listings. *Selders v. Sullivan*, 914 F.2d 614, 617,

7

619 (5th Cir. 1990), citing *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990) (claimant bears the burden of proof to show medical findings that he meets each element of the listing). The ALJ considered each of plaintiff's impairments in relation to each of the above corresponding listings but ultimately found that the record evidence failed to demonstrate that plaintiff met any listing.

After careful review of the record as a whole, the ALJ found that plaintiff has the RFC to perform work functions with certain limitations in that he can:

> "lift/carry a maximum of twenty pounds occasionally and ten pounds frequently; stand/walk six hours of an eight-hour workday (one hour without interruption); and, sit a total of six hours of an eight-hour workday (ninety minutes without interruption). The claimant can occasionally balance and stoop to thirty to forty degrees, but can never crouch, kneel or crawl. He can push/pull a maximum of ten pounds with his upper extremities, but only a maximum of five pounds with his lower extremities. The claimant must avoid exposure to high temperatures and humidity."

(Tr. 15). Although the ALJ noted that plaintiff would be precluded by this RFC from performing his past relevant work, at step five the ALJ considered plaintiff's residual functional capacity, age, education and past work experience and concluded that plaintiff was capable of performing other work that exists in significant numbers in the national economy. In reaching this conclusion, the ALJ considered all of plaintiff's alleged impairments to the extent that they were credible in light of the entire record, including the objective medical evidence, medical opinion evidence and hearing testimony by plaintiff and the VE.

The plaintiff does not point to any evidence in the record to support a finding that the ALJ's decision was not supported by substantial evidence. Instead he asserts that in light of the questions he asked at the hearing, plaintiff's counsel must not have understood the nature of the proof necessary to obtain benefits. He further contends that counsel did not properly prepare the

8

plaintiff to respond to questions regarding his limitations.[12] Inherent in this argument is the assertion that the plaintiff's testimony would have been different if he had known what was required to successfully obtain DIB and SSI.[13] The ALJ and the plaintiff's attorney were not required to explain what testimony would establish disability prior to the hearing. This argument is without merit.

In presenting his ineffective assistance of counsel claim, the plaintiff asks this court to apply the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and to reverse and remand for another hearing.[14] Docket 11, p. 8-9. *Strickland* involved a criminal defendant asserting constitutional violations as a result of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984). The "Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings." *Cornett v. Astrue*, 261 Fed Appx. 644, 651 (5th Cir. 2008) (rejecting ineffective assistance of counsel claim where plaintiff was denied SSI); *see also Russell v. Chater*, 62 F.3d 1421, at *2 (8th Cir. 1995) (ineffective assistance of counsel claim not cognizable in a Social Security appeal); *Slavin v. Commissioner*, 932 F.2d 598, 601

---

[12]The plaintiff claims that if his attorney had "known the law . . . he would not have presented the case for a hearing knowing that they would be unsuccessful in proving Social Security disability." Docket 11, p. 7.

[13]Plaintiff's Memorandum Brief in Support of Plaintiff's Motion for Appeal states: "most people do not really know how long they can sit or stand because most of them have never been asked those questions until they get to an attorney who asks the necessary questions to prepare and present a Social Security Disability case." Docket 11, p.7.

[14]Plaintiff's counsel concedes that the "the bulk of the law is against him, but he also has a moral obligation . . . to pursue what is right." Docket 11, p. 8. The court, of course is not at liberty to venture outside well-established limitations on the scope of its review of Social Security decisions merely because it disagrees with them. "What is right" is a laudable goal, but application of that standard would surely open every denial of benefits to the particular judge's own subjective idea of the advisability of awarding benefits.

(7th Cir. 1991) ("[t]here is no principle of effective assistance of counsel in civil cases."). At least one court specifically has held that a Social Security claimant who is represented by counsel of the claimant's own choosing may not later claim that counsel was ineffective. *See Hettinger v. Richardson*, 365 F.Supp. 1245, 1246 (E.D. Pa. 1973). This court rejects the plaintiff's ineffective assistance of counsel argument as he has not established a claim that rises to the level of a constitutional violation.

The plaintiff exercised his statutory right to counsel, 42 U.S.C. § 406, and was represented by a licensed attorney at his ALJ hearing. The ALJ's responsibility to develop the record is to "ensure that his decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The undersigned's review of the record reveals that the ALJ conducted a thorough review of the entire record. He participated in developing the record sufficiently and considered the testimony of the plaintiff and the VE, as well as the objective medical evidence, the medical opinion evidence and other record evidence. The ALJ carried out his responsibilities to ensure that his decision was an informed decision based upon sufficient facts.

Throughout the process, the ultimate burden of establishing disability remains with plaintiff. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). The plaintiff was afforded a full and fair opportunity to present his case. He was provided a hearing before the ALJ; he testified on his own behalf, and he exercised his right to appeal. This court finds that the ALJ properly applied the law and had substantial evidence to make his determination.

## IV. CONCLUSION

After diligent review, the court holds that the Commissioner's denial of benefits must be

affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 20th of September, 2010.

                  /s/ S. Allan Alexander
                  UNITED STATES MAGISTRATE JUDGE